(849 P.2d 137)

No. 67,720

STATE OF KANSAS, *Appellee*, v. TRACY E. BULLOCK, *Appellant*.

Opinion filed March 19, 1993.

*Reid T. Nelson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Debra S. Byrd*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ELLIOTT, P.J., BRAZIL, J., and ADRIAN J. ALLEN, District Judge Retired, assigned.

BRAZIL, J.: Tracy E. Bullock appeals a decision of the district court denying the return of diversion costs after her diversion was revoked. We affirm.

Bullock was charged with one count of criminal damage to property, K.S.A. 1992 Supp. 21-3720, a class E felony, and then was placed on diversion for 12 months. The diversion agreement

provided that Bullock would pay $127 in court costs, $50 in attorney fees, and $100 in diversion costs. In addition, Bullock was required to notify the diversion office within 48 hours if she was ticketed or arrested by any law enforcement officer. Bullock paid the required fees.

Just less than one year later, the State filed a motion to schedule Bullock's case on the trial docket, alleging that she had been arrested for shoplifting but had failed to report this to the diversion office. The State's motion was granted.

Prior to trial, the charges were reduced to a class A misdemeanor, alleging a violation of K.S.A. 1992 Supp. 21-3720. The case went to trial, and the jury found Bullock not guilty.

Following her acquittal, Bullock filed a motion requesting the return of all fees she had paid. The court ruled that the State, as the losing party, was required to pay the court costs. However, the court denied the return of the diversion fees, stating: "That's what she agreed to, and that's what she paid, and she is not entitled to any of that back."

Bullock argues that the diversion agreement was a contract: She paid the State $100 and waived her right to a speedy trial in exchange for the State's agreement not to prosecute her. Because this contract was breached, she contends, the appropriate remedy is to put both parties in substantially the same positions they were in before they entered into the contract. Bullock argues the State was returned to its former position of being able to prosecute Bullock, but she was not restored to a substantially similar position because the State did not return the $100 diversion fee she paid.

Bullock cites 2 LaFave & Israel, Criminal Procedure § 13.6, p. 222 (1984) in support of her argument that diversion agreements are governed by contract law. Although this authority relies on *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971), which involved a plea agreement rather than a diversion agreement, we recognize that plea agreements would be analogous for this argument.

In *Santobello*, a plea agreement was breached when the prosecutor recommended a maximum sentence rather than standing moot. The Court, apparently applying a contract law analysis, held that when a plea rests in any significant degree on a promise

or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled. 404 U.S. at 262.

The Kansas Supreme Court has also addressed the issue of whether contract law applies to plea agreements. *State v. Smith,* 244 Kan. 283, 767 P.2d 1302 (1989). The issue before the court involved construing the plea agreement's language relating to what the county attorney's office should have known. 244 Kan. at 284. The court held that, while principles of contract law cannot be blindly incorporated into the area of plea bargaining, they provide a useful analytical framework and are properly applied in construing plea agreements. 244 Kan. at 285 (citing *United States v. Ocanas,* 628 F.2d 353, 358 [5th Cir. 1980], *cert. denied* 451 U.S. 984 [1981]).

Under contract law, when a contract is rescinded both parties should be returned to substantially the same conditions that they were in before entering into the contract. *M & W Development, Inc. v. El Paso Water Co.,* 6 Kan. App. 2d 735, Syl. ¶ 3, 634 P.2d 166 (1981).

Contrary to Bullock's argument, both parties in this case have been returned to positions substantially similar to their former conditions. When entering into the diversion agreement, Bullock waived her constitutional right to a speedy trial and right to a jury trial in exchange for the State's agreement not to prosecute. After the contract was rescinded due to Bullock's breach, Bullock again had her constitutional right to a speedy trial and a trial by jury and the State had its right to prosecute her. Both parties, therefore, had the same rights after the contract was rescinded that they did before they entered into the agreement.

The $100 diversion costs were a fee imposed to process the diversion. As indicated by a Kansas Attorney General's opinion, that money is the price a defendant pays for being able to enter into the diversion. These diversion costs are the charges for drafting and executing the agreements, obtaining documents, determining the defendant's eligibility for diversion, supervising the defendant during diversion, and obtaining dismissal of the charges if the diversion provisions are successfully completed. Att'y Gen. Op. No. 84-15.

In this case, the money, presumably, was used to process the diversion, and to return it to Bullock would be unjust. Bullock received the benefits of the diversion opportunity and paid for this opportunity at a cost of $100. Although Bullock, because of her violation of the agreement, did not finish the diversion program, the State still incurred the costs of providing and supervising the program.

In addition, Bullock argues that K.S.A. 1992 Supp. 22-2909 is ambiguous concerning who retains the money for diversion costs after a diversion agreement is rescinded. Bullock argues that, since criminal provisions are strictly construed in favor of the accused, the $100 diversion fee should be refunded to her.

We agree with the State's response that in other statutes the legislature expressly states when the defendant is not liable for court costs. See, *e.g.*, K.S.A. 22-3801(a) (defendant liable for costs only if convicted). Here, if the legislature did not want a defendant to pay diversion costs, it could have added words to that effect to K.S.A. 1992 Supp. 22-2909. The legislature's silence on that issue does not make the statute ambiguous but instead reinforces the argument that diversion costs defray the State's expenses of providing the diversion opportunity.

Affirmed.