(895 P.2d 204)

No. 71,951

STATE OF KANSAS, *Appellee*, v. BARRY DALTON, *Appellant*.

Opinion filed May 19, 1995.

*J. Patrick Lawless, Jr.*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Brenda M. Bachofer*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before PIERRON, P.J., RULON, J., and STEVEN R. BECKER, District Judge, assigned.

RULON J.: Barry Dalton, defendant, appeals from his jury conviction of obstructing official duty, a class E felony. Defendant contends the district court erred in denying his motion to dismiss because under the circumstances surrounding his conviction he could only be convicted of a misdemeanor. We affirm.

The essential facts are undisputed and are as follows:

On April 20, 1993, Olathe police officers received information that defendant had an outstanding felony warrant for his arrest. Two police officers, James Stover and Dennis Purdon, went to defendant's place of employment. Officer Stover located defendant working at an assembly line. Stover moved toward defendant and motioned for defendant to move towards Stover. Defendant turned and started to run away. One of the police officers yelled at defendant to stop because he was under arrest. Stover chased defendant and eventually apprehended him.

Defendant was charged with felony obstructing official duty. Prior to trial, defense counsel filed a motion asking that the charge be dismissed because the warrant the officers were serving on defendant was for a felony diversion violation. Defense counsel argued that revocation of a diversion agreement was similar to a probation revocation and the Kansas appellate courts had previously concluded that probation revocation proceedings were quasi-civil in nature. Consequently, according to defendant, the provisions of K.S.A. 21-3808 did not provide for a felony charge under existing circumstances. The district court disagreed and denied the defendant's motion to dismiss. Ultimately, defendant was convicted by a jury, eventually placed on probation, and filed this appeal.

K.S.A. 21-3808 provides: "Obstructing legal process or official duty in a case of felony is a class E felony. Obstructing legal process or official duty in a case of misdemeanor or a civil case is a class A misdemeanor." The sole question for this court is whether an officer who apprehends an individual following a violation of his or her diversion agreement is conducting duties relating to a civil or a criminal matter.

Resolution of this question depends on this court's interpretation of K.S.A. 21-3808. Statutory interpretation is a question of law, *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993), over

which an appellate court's review is unlimited. See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991). The legislature's intent governs this court's interpretation of statutory language. *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). "When a statute is plain and unambiguous, the court[s] must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

The parties rely on essentially the same case law to support their divergent positions.

In *State v. Miller*, 15 Kan. App. 2d 566, 571, 811 P.2d 1256 (1991), this court considered whether the Kansas statute for aggravated failure to appear, K.S.A. 21-3814, applied to a defendant's failure to appear for a probation revocation hearing. The *Miller* court concluded that "[b]ecause a probation revocation hearing is a quasi-civil procedure, failure to appear at such a hearing is not a criminal offense and therefore does not meet the statutory requirement of an underlying felony charge for which the defendant failed to appear." 15 Kan. App. 2d at 571.

Relying upon a statement of our Supreme Court, that a revocation of diversion is closely analogous to a probation revocation, *State v. McDaniels*, 237 Kan. 767, 772, 703 P.2d 789 (1985), defendant argues that a diversion revocation is a civil proceeding. Therefore, according to defendant, when he was arrested after failing to attend a diversion revocation hearing, he was, at most, guilty of misdemeanor obstruction of official duty.

In *McDaniels*, our Supreme Court considered the State's right to an interlocutory appeal of a trial court's denial of the State's request to revoke a defendant's diversion status. The *McDaniels* court concluded that because denials of diversion were not listed in the statute which authorizes the State to bring interlocutory appeals, K.S.A. 22-3603, and "the potential for a double jeopardy problem which exists in other cases where interlocutory appeals are permitted does not exist" in the revocation of diversion situation, the State would not have the right to appeal the trial court's ruling. 237 Kan. at 771. We understand the court's statement that a revocation of probation is analogous to the revocation of diversion

was limited to the jurisdictional issue before that court and cannot be construed as a broad statement that the two proceedings are analogous in all respects.

One distinction which further disqualifies the *McDaniels* court's statement from application to revocations of diversion concerns the existence of a final judgment. " 'The final judgment in a criminal case is the sentence and, by placing the defendant on probation, the trial court does not affect the finality of the judgment.' " *Miller*, 15 Kan. App. 2d at 570 (quoting *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 [1985]). Put a different way, "a '[p]robation revocation . . . is not a stage of a criminal prosecution.' " *Miller*, 15 Kan. App. 2d at 569 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 36 L. Ed. 2d 656, 93 S. Ct. 1756 [1973]). In that sense, a probation revocation hearing is a separate proceeding which takes place after the criminal case has been terminated and thus obtains its status as quasi-civil in nature. The same cannot be said of a revocation of diversion proceeding.

K.S.A. 22-2911(a) provides:

"If the county or district attorney finds at the termination of the diversion period or any time prior thereto that the defendant has failed to fulfill the terms of the specific diversion agreement, the county or district attorney shall inform the district court of such finding and *the district court, after finding that the defendant has failed to fulfill the terms of the specific diversion agreement* at a hearing thereon, *shall resume the criminal proceedings on the complaint.*" (Emphasis added.)

Clearly, once a defendant's diversion status has been revoked, the criminal proceedings are reinstated. This court is required to interpret the obstruction of official duty statute, K.S.A. 21-3808, so that it may exist peaceably with this section of the criminal code. " '[I]t is the duty of th[is] court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' " *Todd v. Kelly*, 251 Kan. 512, 516, 837 P.2d 381 (1992) (quoting *In re Marriage of Ross*, 245 Kan. 591, 594, 783 P.2d 331 [1989]).

Two other recent decisions of this court, while not precisely on point, are instructive. In *State v. Bullock*, 18 Kan. App. 2d 164, 849 P.2d 137, *rev. denied* 253 Kan. 861 (1993), defendant and the State

entered into a diversion agreement covering a charge of criminal damage to property. The agreement required Bullock to pay court costs, attorney fees, and $100 in diversion fees and to notify the diversion office within 48 hours if she was arrested by a law enforcement officer. Defendant paid the fees. 18 Kan. App. 2d at 164-65. However, defendant failed to report a subsequent arrest for shoplifting, and the trial court, upon the State's motion, scheduled Bullock's case on the trial docket. 18 Kan. App. 2d at 165.

Bullock was later acquitted of the underlying criminal charge and, subsequently, moved to have her diversion fees reimbursed. The trial court denied her request and she appealed. This court ruled that the trial court properly refused to return the diversion fees. 18 Kan. App. 2d at 166-67. The *Bullock* court clarified that "[t]he $100 diversion costs were a fee imposed to process the diversion." 18 Kan. App. 2d at 166. In a paragraph of the syllabus, this court set forth the following summary of its ruling:

"Applying principles of contract law to a criminal diversion agreement, when the defendant's trial is placed back on the trial docket following a breach of the agreement by the defendant, the State and the defendant should be returned to substantially the same condition that they were in before entering into the agreement, *i.e.*, the defendant then has a right to a speedy trial and a trial by jury and *the State has the right to prosecute.*" (Emphasis added.) 18 Kan. App. 2d 164, Syl. ¶ 2.

The *Bullock* court ruled that the parties were returned to their rightful positions following the diversion, but because the $100 was a diversion processing fee, returning the money to Bullock would be unjust. Bullock had "received the benefits of the diversion opportunity and paid for this opportunity at a cost of $100." 18 Kan. App. 2d at 167. Under *Bullock*, once the diversion agreement is violated, the criminal proceedings which had been temporarily stayed are then reactivated. We believe that when defendant ran from the police officers in this case, he was obstructing their official duty to execute a warrant and return him to custody to face the already existing criminal charges against him.

In *State v. Sullivan*, 17 Kan. App. 2d 771, 772, 844 P.2d 741 (1993), this court considered "whether resisting execution of a parole violation warrant provides the basis for a conviction under

[K.S.A.] 21-3808 and, if so, whether it is a felony or a misdemeanor." The *Sullivan* court articulated that "[a] violation of parole from a prior felony conviction will cause a defendant to be reincarcerated to serve the remaining sentence, but the prior felony conviction *is not the reason for issuance of the warrant.*" (Emphasis added.) 17 Kan. App. 2d at 773. Because violation of parole is not classified as a crime under the Kansas Criminal Code, the court concluded that "a parole violation is not a felony or a misdemeanor for purpose of [K.S.A.] 21-3808." 17 Kan. App. 2d at 773.

Here, the prior felony charge was precisely the reason for issuance of the warrant. Once a defendant's diversion status has been revoked, he or she must then answer to the exact criminal charges which were placed in abeyance pursuant to the diversion agreement. The current factual situation is distinguishable from the facts present in *Sullivan* because here the underlying criminal proceeding has never reached a final disposition and has merely been conditionally placed on hold. The trial court properly upheld the State's complaint charging defendant with felony obstruction and did not err in refusing to grant his motion to dismiss.

Affirmed.