No. 122,046

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JESSICA LYNN MYERS,
*Appellee.*

SYLLABUS BY THE COURT

1.

Whether jurisdiction exists is a question of law over which an appellate court has unlimited review.

2.

Kansas appellate courts have jurisdiction to entertain a State's appeal only if it is taken within the time limitations and in the manner prescribed by the applicable statutes.

3.

K.S.A. 2019 Supp. 22-3603 is intended to permit appellate review of trial court rulings on pretrial motions which may be determinative of the case.

4.

In an interlocutory appeal, the prosecutor should be prepared to make a showing to the appellate court that the pretrial order of the district court appealed from substantially impairs the State's ability to prosecute the case.

1

5.

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. Only if the statute's language or text is unclear or ambiguous does the court resort to legislative history to construe the Legislature's intent.

6.

K.S.A. 2019 Supp. 8-1567(j)(3) invites impermissible judicial fact-finding in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by giving courts broad discretion to determine whether a defendant committed the out-of-jurisdiction offense in a manner *similar enough* to K.S.A. 2019 Supp. 8-1567.

7.

Under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and the categorical approach in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), a sentencing court cannot engage in judicial fact-finding beyond the existence of a prior conviction to enhance the defendant's sentence.

8.

Nothing in the plain language of K.S.A. 2019 Supp. 8-1567(j)(2) and (3) prevents courts from following the identical-to-or-narrower-than rule in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018).

9.

Applying the bright-line rule established in *Wetrich* standardizes the classification of prior out-of-state convictions to be counted only if the elements of the out-of-state statute are identical to or narrower than Kansas' DUI statute.

2

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed October 2, 2020. Affirmed.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Adam D. Stolte*, of Stolte Law, LLC, of Overland Park, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

SCHROEDER, J.:  Jessica Lynn Myers was charged with felony driving under the influence (DUI), third offense. After Myers waived her preliminary hearing and pled not guilty, she moved to strike her two prior Missouri convictions for driving while intoxicated (DWI) from being used to elevate her current DUI charge to a felony. The district court granted Myers' motion, and the State timely filed this interlocutory appeal. On appeal, the only jurisdictional basis the State invokes is its right to appeal from a motion to suppress under K.S.A. 2019 Supp. 22-3603. We find we have jurisdiction to hear the State's appeal under K.S.A. 2019 Supp. 22-3603, but we disagree with the State's arguments on the merits. The district court did not err when it held Myers' two prior Missouri DWI convictions could not be used to elevate her current charge to a felony DUI. We affirm the district court.

FACTS

Myers was arrested in Johnson County on February 14, 2019, for DUI. The State charged Myers with felony DUI, third offense, under K.S.A. 2018 Supp. 8-1567(b)(1)(D), based on her 2002 and 2010 Missouri DWI convictions under Mo. Rev. Stat. § 577.010.

Myers waived her preliminary hearing and was bound over for trial on felony DUI. She then pled not guilty to the charge. Myers timely moved to strike her prior Missouri

DWI convictions from her criminal history, arguing her prior convictions could not be used to elevate her current DUI charge to a felony. Myers claimed the Missouri DWI statute was broader than Kansas' DUI statute and therefore failed the comparability analysis set out in K.S.A. 2019 Supp. 8-1567(i)(3) and (j).

The district court granted Myers' motion. Relying on the identical-to-or-narrower-than rule set out in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), and the categorical approach in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*), the district court agreed with Myers' argument and found her prior Missouri DWI convictions were not comparable to Kansas DUI because the elements of the Missouri DWI statute were broader than the Kansas DUI statute. In doing so, the district court recognized it had to analyze the statutory definition of "comparable" offense as used in K.S.A. 2019 Supp. 8-1567(i)(3) within the constraints of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

The district court issued its ruling striking Myers' Missouri DWI convictions from her criminal history. The district court, however, did not dismiss the felony DUI charge. The State, in its notice of appeal, appealed under K.S.A. 2019 Supp. 22-3603, K.S.A. 2019 Supp. 22-3602, and K.S.A. 2019 Supp. 21-6820.

ANALYSIS

I.     *We have jurisdiction over the State's appeal under K.S.A. 2019 Supp. 22-3603.*

Myers argues we lack jurisdiction over the State's appeal. Whether jurisdiction exists is a question of law over which this court has unlimited review. The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. If a party appeals in a manner not prescribed by statutes, we must dismiss the appeal. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

4

In a criminal case, the State's right to appeal is limited by the jurisdictional bases provided by statute. Kansas appellate courts have "jurisdiction to entertain a State's appeal only if it is taken within time limitations and in the manner prescribed by the applicable statutes. *State v. Sales*, 290 Kan. 130, 134, 224 P.3d 546 (2010)." *State v. Mburu*, 51 Kan. App. 2d 266, 269-70, 346 P.3d 1086 (2015).

Here, the State's notice of appeal invoked our jurisdiction under K.S.A. 2019 Supp. 22-3603, K.S.A. 2019 Supp. 22-3602, and K.S.A. 2019 Supp. 21-6820. However, in its brief, the State only addresses our jurisdiction within the parameters of K.S.A. 2019 Supp. 22-3603, which provides:

> "When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order . . . suppressing evidence . . . an appeal may be taken by the prosecution from such order if notice of appeal is filed within 14 days after entry of the order."

The other jurisdictional bases asserted in the State's notice of appeal have not been addressed in the State's brief. Accordingly, any potential arguments the State could have made under these bases are waived or abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed deemed waived or abandoned); *State v. Berreth*, 294 Kan. 98, 115-16, 273 P.3d 752 (2012) ("[T]he State [is] unable to expand its elected, and repeatedly asserted, statutory basis for jurisdiction in the Court of Appeals.").

There is no question the State appealed from the district court's order within the 14-day time limit. But Myers argues proof of a prior conviction is not an element of trial proof for a DUI conviction; therefore, the district court's order did not suppress evidence within the meaning of K.S.A. 2019 Supp. 22-3603.

To resolve this jurisdictional dispute, we consider Kansas appellate court decisions interpreting what an order "suppressing evidence" under K.S.A. 2019 Supp. 22-3603 entails. In *State v. Boling*, 5 Kan. App. 2d 371, 374, 617 P.2d 102 (1980), a panel of this court addressed the issue by turning to sections of the Kansas Code of Criminal Procedure—K.S.A. 22-3215, authorizing a pretrial motion to suppress a confession or admission, and K.S.A. 22-3216, authorizing a pretrial motion to suppress illegally seized evidence. The *Boling* court held these two sections, taken together with K.S.A. 22-3603, provide a statutory scheme for dealing with evidentiary rulings having "constitutional dimensions." 5 Kan. App. 2d at 374.

Later, in *State v. Newman*, 235 Kan. 29, 34, 680 P.2d 257 (1984), the Kansas Supreme Court interpreted K.S.A. 22-3603 more broadly:

> "We hold that the term 'suppressing evidence' as used in [K.S.A. 22-3603] is to have a broader meaning than the suppression of evidence which is illegally obtained. It should include not only 'constitutional suppression' but also rulings of a trial court which exclude state's evidence so as to substantially impair the state's ability to prosecute the case."

Thus, under *Newman*, an order "suppressing evidence" under K.S.A. 22-3603 can also include a district court's ruling admitting or excluding evidence based on the statutory rules of evidence in K.S.A. 60-401 et seq. See *State v. Sales*, 290 Kan. 130, 135-36, 224 P.3d 546 (2010). But the *Newman* court emphasized the State is not allowed to file an interlocutory appeal from every "run-of-the-mill pretrial evidentiary ruling of a district court." 235 Kan. at 35. Rather, K.S.A. 22-3603 "is intended to permit appellate review of trial court rulings on pretrial motions *which may be determinative of the case.*" 235 Kan. at 35. Thus, "the prosecutor should be prepared to make a showing to the appellate court that the pretrial order of the district court appealed from substantially impairs the state's ability to prosecute the case." 235 Kan. at 35.

Here, the district court's order did not entail constitutional suppression under K.S.A. 22-3215 or K.S.A. 22-3216. Nor did the order involve the exclusion of evidence based on the statutory rules of evidence, which generally concerns the exclusion of evidence *from trial*. See, e.g., *State v. McDaniels*, 237 Kan. 767, 771, 703 P.2d 789 (1985) (district court's order denying State's motion for revocation of diversion agreement was not order suppressing evidence); *State v. Grimes*, 229 Kan. 143, 147-48, 622 P.2d 143 (1981) (issue State raised did not fall within K.S.A. 22-3603 because issue did not need to be resolved for prosecution to proceed with trial and prove its case). In Kansas, "a prior DUI is a sentencing enhancement factor for, not an element for trial proof of, K.S.A. 8-1567 DUI." *State v. Key*, 298 Kan. 315, 319, 312 P.3d 355 (2013); see *State v. Loudermilk*, 221 Kan. 157, 160, 557 P.2d 1229 (1976) (prior DUI conviction not element of substantive crime, serves only to enhance punishment). Thus, the district court's order does not fall squarely within *Boling*'s or *Newman*'s interpretation of an order suppressing evidence.

Even so, the State argues under *Newman*, the order substantially impairs its ability to prosecute the case. DUI can be classified as either a nonperson misdemeanor or a nonperson felony. See K.S.A. 2019 Supp. 8-1567(b)(1). If a defendant has 2 prior DUI convictions, one of which occurred in the last 10 years, the third conviction is a nonperson felony offense. K.S.A. 2019 Supp. 8-1567(b)(1)(D). A defendant's prior out-of-state conviction can also be classified as a prior DUI conviction if the out-of-state offense is comparable to Kansas DUI. See K.S.A. 2019 Supp. 8-1567(i)(3)(B); K.S.A. 2019 Supp. 8-1567(j). Myers' felony DUI charge rested upon her two prior Missouri DWI convictions.

Through her motion to strike, Myers properly challenged her prior convictions before trial. See *Key*, 298 Kan. at 322-23. In granting Myers' motion, the district court found Myers' Missouri DWI convictions were not comparable to Kansas DUI and essentially held no felony had been committed. As the State correctly argues, the district court's order eliminated its ability to convict Myers of felony DUI. Even if the State chose to amend Myers' charge to misdemeanor DUI, the State would still have to prove every

7

substantive element of DUI under K.S.A. 2019 Supp. 8-1567(a) in order for Myers to be convicted of misdemeanor DUI. Therefore, the misdemeanor DUI conviction would mean the State would be statutorily barred from later prosecuting Myers for felony DUI. See K.S.A. 2019 Supp. 21-5110 (effect of former prosecution). Further, the State argues if Myers is convicted of misdemeanor DUI, the State could not seek a felony DUI sentence. According to the State, because the district court's order substantially impaired its ability to prosecute the case as a felony DUI, it has the right to appeal under K.S.A. 2019 Supp. 22-3603.

We find the State's reasoning persuasive. DUI is unique in that even though a defendant's prior convictions are not elements of trial proof, the inclusion of a defendant's prior convictions as an elevating factor for felony DUI dictates how a defendant may be sentenced upon conviction. Here, even though the district court's order essentially found no felony had been committed, it did not officially dismiss Myers' felony DUI charge. The State should have asked the district court to clarify its ruling and dismiss Myers' felony DUI charge. Doing so would have enabled the State to invoke its right to appeal from an order dismissing a complaint under K.S.A. 2019 Supp. 22-3602(b)(1). Nevertheless, under these facts, we find the district court's order substantially impaired the State's ability to prosecute the DUI as a felony charge. The State's use of K.S.A. 2019 Supp. 22-3603 was sufficient to invoke our jurisdiction to hear this appeal.

II.     *Myers' Missouri DWI convictions cannot be used to elevate her current Kansas DUI charge to a felony.*

Turning to the merits, the district court's order struck Myers' prior convictions based on its statutory interpretation of K.S.A. 2019 Supp. 8-1567. Accordingly, this issue presents a question of law subject to unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. Only if the statute's language or text is unclear or ambiguous does the court resort to legislative history to construe the Legislature's intent. *State v. LaPointe*, 309 Kan. 299, 314-15, 434 P.3d 850 (2019).

"Kansas' DUI law [K.S.A. 2019 Supp. 8-1567] is a self-contained criminal statute, which means that all essential components of the crime, including the elements, severity levels, and applicable sentences, are included within the statute." *State v. Reese*, 300 Kan. 650, 654, 333 P.3d 149 (2014). Relevant here, K.S.A. 2019 Supp. 8-1567(b)(1) classifies the offense as either a felony or misdemeanor and sets out the penalty for the offense based on a defendant's prior DUI convictions.

Effective July 1, 2018, the Legislature amended the portion of the DUI statute that governs how a prior out-of-state conviction can be classified as a prior offense—and consequently—whether that prior conviction can be used to elevate the severity of the DUI charge from a misdemeanor to a felony and the resulting sentence. The 2018 amendments apply here because they were in effect at the time of Myers' current offense. See *State v. Rice*, 308 Kan. 1510, 1512, 430 P.3d 430 (2018).

Before the 2018 amendments, K.S.A. 2017 Supp. 8-1567(i)(1) and (3) provided:

"For the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction *in sentencing* under this section:

"(1) Convictions for a violation of this section, or a violation of an ordinance of any city or resolution of any county *which prohibits the acts that this section prohibits*, or entering into a diversion agreement in lieu of further criminal proceedings on a complaint

9

alleging any such violations, shall be taken into account, but only convictions or diversions occurring on or after July 1, 2001.

. . . .

"(3) 'conviction' includes: . . . (B) conviction of a violation of . . . *any law of another state which would constitute a crime described in subsection (i)(1) or (i)(2).*" (Emphases added.)

While K.S.A. 2019 Supp. 8-1567(i)(1) remained relatively unchanged from 2017, K.S.A. 2019 Supp. 8-1567(i)(3)(B) now provides: "'conviction' includes: . . . conviction of a violation of . . . *any law of another jurisdiction* that would constitute an offense *that is comparable to the offense described in subsection (i)(1) or (i)(2)*." (Emphases added.)

The Legislature also added three criteria for courts to determine whether another jurisdiction's law is *comparable*:

"(j) For the purposes of determining whether an offense is comparable, the following shall be considered:

(1) The name of the out-of-jurisdiction offense;

(2) the elements of the out-of-jurisdiction offense; and

(3) whether the out-of-jurisdiction offense prohibits similar conduct to the conduct prohibited by the closest approximate Kansas offense." K.S.A. 2019 Supp. 8-1567(j).

K.S.A. 2019 Supp. 8-1567(j)(1) and (2) instruct courts to consider the out-of-jurisdiction offense's name and elements. And under K.S.A. 2019 Supp. 8-1567(j)(3), courts must also consider "whether the out-of-jurisdiction offense prohibits similar conduct to the . . . closest approximate Kansas offense." The State argues the three criteria under

10

K.S.A. 2019 Supp. 8-1567(j) operate like a nonexclusive factor test and, "[w]hen taken in total, these three factors favor finding the Missouri statute prohibiting [DWI is] comparable to the Kansas counterpart." Following the State's analysis, then, Missouri DWI must be comparable to Kansas DUI under at least two of K.S.A. 2019 Supp. 8-1567(j)'s three factors. But the State concedes that Myers' prior convictions would not be comparable to DUI under K.S.A. 2019 Supp. 8-1567(j)(2) because the elements of Missouri's DWI statute are broader than Kansas' DUI statute.

As a panel of this court found in *State v. Stanley*, 53 Kan. App. 2d 698, 700, 390 P.3d 40 (2016), Kansas' DUI statute criminalizes two acts: "(1) operating or attempting to operate a vehicle with a blood- or breath-alcohol level of .08 or more; and (2) operating or attempting to operate a vehicle while under the influence of alcohol and/or drugs *to a degree that renders the person incapable of safely driving the vehicle*." See K.S.A. 2019 Supp. 8-1567(a).

Myers was convicted of Missouri DWI in 2002 and 2010. The statute of conviction provided: "A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." Mo. Rev. Stat. 577.010(1) (2002 & 2010 Supp.). "[A] person is in an 'intoxicated condition' when he is *under the influence of alcohol*, a controlled substance, or drug, or any combination thereof." (Emphasis added.) Mo. Rev. Stat. 577.001(3) (2002 & 2010 Supp.).

The *Stanley* panel interpreted the same DWI statute at issue in this case and found:

> "The Missouri statute on its face is too broad to count as a prior conviction under K.S.A. 2012 Supp. 8-1567(i). Clearly, driving 'under the influence' of alcohol covers a wider range of activity than driving under the influence of alcohol 'to a degree that renders the person incapable of safely driving a vehicle' or 'driving with an alcohol concentration of .08 or more.'" 53 Kan. App. 2d at 701.

11

Thus, as *Stanley* clearly resolved, the elements of Missouri DWI are broader than Kansas DUI. See *State v. Mejia*, 58 Kan. App. 2d 229, 241, 466 P.3d 1217 (2020) (presuming Missouri DWI statute broader than Kansas DUI statute.

The State reasons that even if the elements of Missouri DWI are broader than Kansas DUI, Missouri DWI nonetheless prohibits "similar conduct" to DUI under K.S.A. 2019 Supp. 8-1567(j)(3). However, K.S.A. 2019 Supp. 8-1567(j)(3) invites impermissible judicial fact-finding in violation of *Apprendi* by giving courts broad discretion to determine whether a defendant committed the out-of-jurisdiction offense in a manner *similar enough* to K.S.A. 2019 Supp. 8-1567. Individual sentencing courts gauging whether the prior out-of-jurisdiction conviction is similar enough to Kansas' DUI statute could lead to drastically different results. The only way to achieve any semblance of uniformity would be for the sentencing court to investigate the specific underlying facts of the prior offense. But *Apprendi* held a sentencing court cannot engage in judicial fact-finding beyond the existence of a prior conviction to enhance the defendant's sentence. 530 U.S. at 490. While the classification of a prior conviction is generally strictly a matter of statutory construction, the Kansas Supreme Court has recognized *Apprendi*'s constitutional considerations can be unavoidable. See *State v. Dickey*, 305 Kan. 217, 221, 380 P.3d 230 (2016) (*Dickey II*) (classification of prior crimes has a "thick overlay of constitutional law"); *Dickey I*, 301 Kan. at 1035-37 (adopting *Apprendi* constitutional protections).

      A.     Apprendi *requires us to apply the criteria in K.S.A. 2019 Supp. 8-1567(j) using* Wetrich*'s identical-to-or-narrower-than rule.*

Even though Myers has not been sentenced yet, *Apprendi* is relevant at this stage because K.S.A. 2019 Supp. 8-1567 remains fully self-contained. See *Reese*, 300 Kan. at 654. K.S.A. 2019 Supp. 8-1567(i) requires the district court to examine the criteria under K.S.A. 2019 Supp. 8-1567(j) "in sentencing." The sentences set out in K.S.A. 2019 Supp. 8-1567(b)(1) turn on whether the defendant has any prior convictions as defined by K.S.A.

12

2019 Supp. 8-1567(i). But nothing in the DUI statute differentiates between the legal definition of a prior conviction for sentencing purposes and the classification purposes through a motion to strike. Thus, K.S.A. 2019 Supp. 8-1567(i) and, consequently, K.S.A. 2019 Supp. 8-1567(j) still provide the relevant legal definition for whether a prior conviction can be used as an *elevating factor* to bind a defendant over for trial on a felony DUI charge. Because K.S.A. 2019 Supp. 8-1567(b) ties the classification of the offense as a felony or misdemeanor to a defendant's prior convictions *and* elevates the penalty for the offense based on the same prior convictions, a district court must conduct the same analysis under K.S.A. 2019 Supp. 8-1567(j)(3) for a motion to strike as it would at sentencing.

To avoid impermissible fact-finding in violation of *Apprendi*, we must apply K.S.A. 2019 Supp. 8-1567(j)(3) using the identical-to-or-narrower-than rule in *Wetrich*, 307 Kan. at 562. With this approach, the criteria in K.S.A. 2019 Supp. 8-1567(j)(2) and (3) essentially collapse into one elements-based comparison. Because the elements of Missouri DWI are broader than Kansas' DUI statute, Myers' prior convictions are not comparable under K.S.A. 2019 Supp. 8-1567(j)(3) for the same reason they are not comparable under K.S.A. 2019 Supp. 8-1567(j)(2). This approach reconciles K.S.A. 2019 Supp. 8-1567(j)'s factors as a whole, consistent with their plain meaning, and construes K.S.A. 2019 Supp. 8-1567(j) in a constitutional manner. See *Blue Cross & Blue Shield of Kansas, Inc. v. Praeger*, 276 Kan. 232, 276-77, 75 P.3d 226 (2003) (courts have duty to construe statutes in constitutional manner if it can be done). Because Myers' prior Missouri DWI convictions are not comparable to DUI under both K.S.A. 2019 Supp. 8-1567(j)(2) and (3), they do not constitute prior convictions and cannot be used to elevate her current DUI charge to a felony.

Furthermore, because the Missouri DWI statute is not divisible, we cannot look to additional documents to determine whether the conduct leading to Myers' prior convictions would have fallen within the acts proscribed by K.S.A. 2019 Supp. 8-1567. "A sentencing

13

court applies the categorical approach when the statute forming the basis of the defendant's prior conviction contains a single set of elements constituting the crime." *Dickey I*, 301 Kan. at 1037. Mo. Rev. Stat. 577.001(3) broadly defines the term "intoxicated condition" as being "under the influence of alcohol, a controlled substance, or drug, or any combination thereof" without providing any way to determine which conduct might have been involved in a particular prosecution. Under the categorical approach, we can only apply an elements-based comparison of the Missouri DWI statute and the Kansas DUI statute and cannot look to a charging document or journal entry to determine whether Myers operated a vehicle in an "intoxicated condition" in the manner covered under the narrower definition found in K.S.A. 2019 Supp. 8-1567(a). See *Dickey I*, 301 Kan. at 1037 (categorical approach requires courts to compare "'the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime'").

Nothing in the plain language of K.S.A. 2019 Supp. 8-1567(j)(2) and (3) prevents courts from following *Wetrich*'s identical-to-or-narrower-than rule. K.S.A. 2019 Supp. 8-1567(j)(2) instructs the court to consider "the elements of the out-of-jurisdiction offense." K.S.A. 2019 Supp. 8-1567(j)(3) further instructs the court to consider "whether the out-of-jurisdiction offense prohibits similar conduct to" K.S.A. 2019 Supp. 8-1567. However, K.S.A. 2019 Supp. 8-1567(j)(3) does not explicitly direct courts how to determine whether an out-of-jurisdiction offense prohibits similar conduct. Applying the bright-line rule established in *Wetrich* standardizes the classification of prior out-of-state convictions to be counted only if the elements of the statute are *identical to or narrower than* the Kansas DUI statute.

In reaching this result, we also rely on *State v. Gensler*, 308 Kan. 674, 681, 685, 423 P.3d 488 (2018), where our Supreme Court applied the identical-to-or-narrower-than rule to the 2017 predecessor DUI statute. There, the district court used the defendant's prior DUI convictions under a Wichita municipal ordinance to enhance his state sentence. Finding the Wichita ordinance's definition of "vehicle" to be an indivisible element of the

14

crime, the *Gensler* court applied the categorical approach generally utilized in the comparability analysis for the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq. The court found the ordinance's definition of "vehicle" was not identical to or narrower than K.S.A. 2017 Supp. 8-1567 and, therefore, Gensler's prior convictions under the ordinance could not be used to enhance his state sentence. 308 Kan. at 683-85. The court noted: "To determine the precise nature of the 'vehicle' Gensler was operating would require a sentencing court to engage in its own fact-finding, which is impermissible." 308 Kan. at 685; see *Apprendi*, 530 U.S. at 490 (sentencing court's fact-finding is limited).

While the 2018 amendments to Kansas' DUI statute were inapplicable in *Gensler*, we find the case nonetheless demonstrates our Supreme Court's intent to apply the identical-to-or-narrower-than rule in the DUI context to avoid impermissible judicial fact-finding in violation of *Apprendi*.

    B.    *The legislative history behind the 2018 amendments is not relevant to our analysis.*

The State also reasons the word "comparable" in K.S.A. 2019 Supp. 8-1567(i)(3) is ambiguous because *Wetrich* found a similar phrase—"comparable offenses"—ambiguous as used in K.S.A. 2017 Supp. 21-6811(e). See 307 Kan. at 559. But unlike the statute in *Wetrich*, K.S.A. 2019 Supp. 8-1567(j) sets out specific statutory criteria to determine whether a prior conviction is comparable. There is no ambiguity in the criteria for determining whether an offense is comparable under K.S.A. 2019 Supp. 8-1567(i)(3). Rather, the plain language of K.S.A. 2019 Supp. 8-1567(j)(3) invites a degree of impermissible judicial fact-finding because the classification and penalty for the offense are tied together in K.S.A. 2019 Supp. 8-1567(b).

If we were to find the adjective "comparable" renders K.S.A. 2019 Supp. 8-1567(i)(3) ambiguous, then the legislative history behind the 2018 amendments would potentially become relevant. See *LaPointe*, 309 Kan. at 314-15. But this analysis likely conflicts with the general rule that criminal statutes are strictly construed in favor of the accused. The rule of lenity arises only when there is any reasonable doubt of the statute's meaning. See *State v. Williams*, 303 Kan. 750, 760, 368 P.3d 1065 (2016).

In the preamble to the session law for K.S.A. 2019 Supp. 8-1567, the Legislature expressed its intent to include Missouri DWI convictions as comparable offenses:

"WHEREAS, The Legislature intends that the provisions of this act related to comparability of an out-of-jurisdiction offense to a Kansas offense shall be liberally construed to allow comparable offenses, *regardless of whether the elements are identical to or narrower than the corresponding Kansas offense*, to be included in a person's criminal history; and

"WHEREAS, The Legislature intends to promote the inclusion of convictions for such offenses in a person's criminal history, including, but not limited to, any violation of: . . . *Missouri, V.A.M.S. § 577.010 or V.A.M.S. § 577.012*." (Emphases added.) L. 2018, ch. 106, Preamble.

Although the State correctly identifies the Legislature's intent to include Missouri DWI convictions as comparable offenses under K.S.A. 2019 Supp. 8-1567(i)(3), the Legislature did not include the language of the preamble to the session law in the text of Kansas' DUI law. K.S.A. 2019 Supp. 8-1567 controls over the session law. To the extent "[t]he Legislature intend[ed] . . . the provisions of [the] act related to comparability of an out-of-jurisdiction offense . . . be liberally construed to allow comparable offenses, *regardless of whether the elements are identical to or narrower than the corresponding Kansas offense*, to be included in a person's criminal history," (emphasis added), it seeks to modify the law in violation of the Sixth and Fourteenth Amendments to the United States

Constitution. L. 2018, ch. 106, Preamble; see *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2252, 195 L. Ed. 2d 604 (2016) (relying on prior conviction with elements broader than generic offense "would raise serious Sixth Amendment concerns").

      C.      *We decline to follow the* Mejia *majority panel.*

Finally, we note the majority panel of *Mejia* recently addressed this same legal question and arrived at a different conclusion. Mejia was charged with felony DUI based on three prior Missouri DWI convictions. He filed a motion challenging the use of his prior convictions as an elevating factor for his felony DUI charge before the preliminary hearing, arguing his prior Missouri DWI convictions were not comparable to Kansas DUI. The district court agreed, finding, under *Wetrich*, Mejia's prior Missouri DWI convictions must prohibit the same or a narrower range of conduct to be comparable to Kansas DUI. The district court also held *Apprendi* and *Dickey I* limited its review to a comparison of the elements of DWI and DUI without considering the facts underlying Mejia's convictions. The district court refused to bind Mejia over on the felony DUI charge, and the State appealed under K.S.A. 2019 Supp. 22-3602(b)(1).

On appeal, the majority found Mejia's prior DWI convictions could be used to elevate his DUI charge to a felony. The majority's decision rested on three primary findings: (1) *Wetrich*'s identical-to-or-narrower-than rule is inapplicable to the DUI context; (2) the word "comparable" in K.S.A. 2019 Supp. 8-1567(i)(3) is ambiguous; and (3) the comparability analysis under K.S.A. 2019 Supp. 8-1567(j) does not conflict with *Apprendi*. *Mejia*, 58 Kan. App. 2d at 244-49. Each of these findings is addressed briefly.

First, in finding *Wetrich* was inapplicable to the DUI context, the *Mejia* majority relied on *Reese*, where the Kansas Supreme Court noted: "'Given that the DUI statute provides its own sentencing provisions, cases relating to the proper application of the [revised] Kansas Sentencing Guidelines Act (KSGA) are of minimal precedential value.'

17

300 Kan. at 654." *Mejia*, 58 Kan. App. 2d at 232. The majority then found *Wetrich* was not controlling authority for K.S.A. 8-1567 and could be treated only "as advisory guidance to the extent it might be analogous." *Mejia*, 58 Kan. App. 2d at 232. The majority noted *Wetrich*'s identical-to-or-narrower-than rule was controlled by the need for uniformity in sentencing in the Kansas Criminal Code "[g]iven the number of crimes identified in Chapter 21, the number of potentially comparable crimes in the remaining 49 states, and the number of district courts making comparisons." *Mejia*, 58 Kan. App. 2d at 234. The *Mejia* majority found that, by contrast, DUI is a self-contained criminal statute, making *Wetrich*'s concerns about the "substantial sentencing disparities resulting from the sheer breadth of the criminal code" less relevant in the comparability analysis for DUI. *Mejia*, 58 Kan. App. 2d at 235.

Next, the *Mejia* majority found the word "comparable" in K.S.A. 2019 Supp. 8-1567(i)(3) was ambiguous because *Wetrich* found the same word was ambiguous as used in K.S.A. 2017 Supp. 21-6811(e). *Mejia*, 58 Kan. App. 2d at 237-38; see *Wetrich*, 307 Kan. at 559-60. Based on its finding of ambiguity, the majority considered the preamble to the session law for K.S.A. 2019 Supp. 8-1567 and concluded:  "[T]he Legislature intended that out-of-state convictions under statutes proscribing broader conduct than K.S.A. 8-1567(a) trigger the recidivist provisions under K.S.A. 8-1567(b), so long as the conduct is similar." 58 Kan. App. 2d at 238.

Finally, the *Mejia* majority found "the three-factor test for comparability in K.S.A. 2019 Supp. 8-1567(j) turns on the elements of the out-of-state offense." 58 Kan. App. 2d at 236. Turning to K.S.A. 2019 Supp. 8-1567(j)(3), the majority found "the elements need only be 'similar' to the elements of DUI in K.S.A. 2019 Supp. 8-1567(a)" for the out-of-state conviction to be "'comparable' for purposes of charging and punishing a recidivist." 58 Kan. App. 2d at 236-37. The *Mejia* majority concluded "since the comparability of predicate offenses turns on their elements alone," K.S.A. 2019 Supp. 8-1567(j) does not

18

implicate *Apprendi* because it "requires no more than a legal conclusion devoid of judicial fact-finding." *Mejia*, 58 Kan. App. 2d at 240.

Given these considerations, the *Mejia* majority held even though the elements of Missouri's DWI are broader than Kansas' DUI, they still prohibit similar conduct, and the district court erred in dismissing Mejia's felony DUI charge. 58 Kan. App. 2d at 249.

We respectfully disagree with the *Mejia* majority's reasoning. Despite the majority's reliance on *Reese*, which was decided in 2014, we believe the more recent decision in *Gensler* better reflects our Supreme Court's intent to apply the identical-to-or-narrower-than rule in the DUI context to avoid impermissible judicial fact-finding. We also fail to see, as the *Mejia* majority does, how an elements-to-elements comparison involving a prior conviction under an indivisible statute with elements broader than the generic offense does not run afoul of *Apprendi*. See *Mathis*, 136 S. Ct. at 2252. And for the reasons already stated, we do not find the legislative intent behind the 2018 amendments relevant to our comparability analysis. The term "comparable" under K.S.A. 2019 Supp. 8-1567(i)(3) is unambiguous because the criteria in K.S.A. 2019 Supp. 8-1567(j) define it.

We also recognize in *Patton*, 58 Kan. App. 2d ___, ___ P.3d ___ (No. 120,434, filed September 11, 2020), slip op. at 13, another panel of this court followed the general rationale of the *Mejia* majority that "cases relating to the proper application of the KSGA are of minimal precedential value in DUI cases" since the DUI statute is a self-contained statute. See *Mejia*, 58 Kan. App. 2d at 232. We do not disagree the Kansas DUI statute is self-contained, but that does not eliminate the need for the statute to comply with *Gensler*'s rule applying *Dickey I* that elements of the prior convictions must "be the same as, or narrower than, the elements of K.S.A. 8-1567." *Gensler*, 308 Kan. at 681.

We are not bound by the *Mejia* majority or the *Patton* panel decisions. See *Jarvis v. Kansas Dept. of Revenue*, 56 Kan. App. 2d 1081, 1094-95, 442 P.3d 1054, *rev. granted*

310 Kan. 1062 (2019). "Although separate panels of the Court of Appeals should strive to be consistent in decision-making, ultimately the court must do its best to decide each case based on the facts and the law, bearing in mind that the Kansas Supreme Court is the final arbiter of all disputes." *State v. Horselooking*, 54 Kan. App. 2d 343, 350, 400 P.3d 189 (2017).

We decline to follow the majority decision in *Mejia* or the *Patton* panel and, instead, find the dissent in *Mejia* is persuasive and tracks with our analysis. See 58 Kan. App. 2d at 250-54 (Schroeder, J., dissenting). Following *Gensler*, we find the district court did not err when it held Myers' Missouri DWI convictions could not be used to elevate her current charge to a felony DUI because the Missouri DWI statute criminalizes broader conduct than Kansas' DUI statute, K.S.A. 2019 Supp. 8-1567.

Affirmed.

\*\*\*

BUSER, J., concurring in part and dissenting in part: I concur in my colleagues' legal conclusion that our court has jurisdiction to consider the State's appeal under K.S.A. 2019 Supp. 22-3603. I dissent from the majority's holding affirming the district court's ruling because I believe the legal analysis and conclusions expressed in *State v. Patton*, 58 Kan. App. 2d ___, ___ P.3d ___ (No. 120,434, filed September 11, 2020), slip op. at 15-17, and *State v. Mejia*, 58 Kan. App. 2d 229, 240, 249, 466 P.3d 1217 (2020), correctly address the critical issue in this case—whether Jessica Lynn Myers' prior Missouri driving while intoxicated (DWI) convictions may be considered to elevate her current Kansas driving under the influence charge to a felony offense. Accordingly, I would reverse the district court's ruling striking Myers' prior Missouri DWI convictions from her criminal history, and remand with directions to include those convictions in her criminal history and for further proceedings.

20