(844 P.2d 734)

No. 67,817

STATE OF KANSAS, *Appellee*, v. LEROY LYNE, *Appellant*.

Opinion filed December 31, 1992.

*Michael S. Holland*, of Russell, for appellant.

*Robert A. Walsh*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before LEWIS, P.J., LARSON and PIERRON, JJ.

LEWIS, J.: The defendant, Leroy Lyne, appeals from his conviction by a jury of the crime of obstructing official duty. Our review reveals no reversible error, and we affirm.

In the summer of 1991, defendant was driving his automobile through the city of Miltonvale. In the process, he observed Deputy Sheriff Donnie Kearn drive onto property owned by defendant's brother. Deputy Kearn was in full uniform and was driving a marked patrol car. When defendant first observed him, Deputy Kearn was accompanied by two tow trucks. Deputy Kearn had been instructed to remove junk vehicles from the premises pursuant to a court order to abate a nuisance.

As the tow trucks began to remove a vehicle, defendant drove onto his brother's property. According to Deputy Kearn, defendant's vehicle "jumped the curb" and headed straight at the deputy, who had to dodge to avoid being hit. Defendant denies driving at the deputy and insists that he casually drove onto the property and stopped his vehicle without incident.

In any event, defendant stopped his vehicle at a location where it impeded and obstructed the removal of the junk vehicle. Defendant then asked Deputy Kearn what he was doing, and the deputy advised him that he was removing vehicles pursuant to a court order. Defendant then demanded to see the court order, but Deputy Kearn did not have it with him. Ultimately, Deputy Kearn left the scene and radioed for assistance. While he was gone, defendant punctured the rear tire of the truck the officer was attempting to remove. This made the vehicle even more difficult to remove from the premises.

In due time, Deputy Kearn returned to the scene, and defendant was placed under arrest. Defendant was charged with aggravated assault of a law enforcement officer, obstructing official duty, and resisting arrest. The charge of resisting arrest was dismissed, and defendant was acquitted of aggravated assault on a law enforcement officer. Defendant was convicted by the jury of the crime of obstructing official duty.

Defendant originally raised an issue concerning the validity of the information. During oral argument before this court, his attorney candidly conceded to the court that he had done additional research and had concluded the issue was without merit. As a

result, we do not reach issue I as briefed by defendant. We hold that issue is without merit and is resolved in favor of the State.

The sole remaining issue on appeal is whether the trial court erred in instructing the jury.

The issue raised concerns the propriety of instruction No. 12, which advised the jury as follows:

"Defendant is charged with the crime of obstructing official duty. Defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

1. That Deputy Donnie D. Kearn was authorized by law to execute an order of the court in Case No. 85-C-36 entitled *City of Miltonvale, Kansas vs Ted R. Lyne,* to remove vehicles from the residence of Ted Lyne, Miltonvale, Kansas.

2. That defendant knowingly and willfully obstructed or opposed Donnie D. Kearn in the execution of the order of the court which was the official duty of Donnie D. Kearn; and,

3. That the act of defendant substantially hindered or increased the burden of the officer, Donnie D. Kearn, in the performance of the officer's official duty;

4. That at the time defendant knew or should have known that Donnie D. Kearn was a law enforcement officer; and,

5. That this act occurred on or about the 29th day of July, 1991, in Cloud County, Kansas."

This instruction is taken verbatim from PIK Crim. 2d 60.09 (1986 Supp.). Defendant argues that instruction No. 12 was erroneously given and that the trial court should have given PIK Crim. 2d 60.08, which reads as follows:

"The defendant is charged with the crime of obstructing legal process. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

1. That _____ was authorized by law to serve _____;

2. That the defendant knowingly and willfully (obstructed) (resisted) (opposed) _____ in the (service) (execution) of the _____;

3. That at the time the defendant knew or should have known that _____ was authorized by law to _____; and;

4. That this act occurred on or about the _____ day of _____, 19___, in _____ County, Kansas."

It is the contention of defendant that the charge against him was actually a charge of obstructing legal process. Defendant points out that PIK Crim. 2d 60.08 bears the heading "Obstructing Legal Process," whereas the heading on instruction 60.09 states "Obstructing Official Duty."

Defendant argues that, because the authors of PIK Crim. 2d have headed 60.08 as "Obstructing Legal Process," this is the only correct instruction which could have been given.

Defendant was charged with a violation of K.S.A. 21-3808, which reads as follows:

"Obstructing legal process or official duty is knowingly and willfully obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, *or in the discharge of any official duty.*

Obstructing legal process or official duty in a case of felony is a class E felony. Obstructing legal process or official duty in a case of misdemeanor or a civil case is a class A misdemeanor." (Emphasis added.)

Defendant insists that, since Deputy Kearn was in the process of executing a court order, defendant could only be guilty of obstructing legal process. Defendant argues, as previously noted, that, according to the authors of PIK Crim. 2d, 60.08 is to be given when the issue is obstruction of legal process and 60.09 (1986 Supp.) is to be given in the case of obstruction of official duty. Defendant contends that, under 60.08, the State would be required to prove that defendant knew or should have known of the existence of a court order being executed before the jury could find him guilty. It is obvious that the instruction given, taken from PIK Crim. 2d 60.09 (1986 Supp.), does not have such a requirement. It requires only that the State prove that defendant knew or should have known that Donnie D. Kearn was a law enforcement officer.

The question which we must decide is whether the trial court erred in the giving of instruction No. 12, which is taken verbatim from PIK Crim. 2d 60.09 (1986 Supp.). We note that, in the instant matter, defendant was charged with obstructing a properly identified law enforcement officer in the performance of his "official duty." Under K.S.A. 21-3808, it appears that defendant could have been charged with obstructing legal process or obstructing official duty, or with both. However, he was charged with obstructing official duty. The verdict of the jury in this case found: "We, the jury, duly impanelled and sworn in the above entitled case, find defendant guilty of *obstucting* [sic] *official duty*." (Emphasis added.)

We have examined the record, and it clearly shows that defendant was charged with and convicted of the crime of obstructing official duty. The trial court gave the appropriate instruction to the jury in a case of a charge of obstructing official duty. Defendant's argument that the jury should have been given an instruction for a charge of "obstruction of legal process" is unsupported by the charge set forth in the information. It is also inconsistent with the verdict of the jury. Defendant was charged with and convicted of obstructing official duty, and he does not claim the evidence was insufficient to support the verdict. He argues simply that the trial court should have given the jury PIK Crim. 2d 60.08 instead of PIK Crim. 2d 60.09 (1986 Supp.). Defendant's position is without merit. He was charged, tried, and convicted of obstructing official duty, and the use of PIK Crim. 2d 60.09 (1986 Supp.) was not erroneous.

It is correct that Deputy Kearn was executing an order of the court to abate a nuisance when the confrontation with defendant occurred. The deputy was also, however, clearly in the performance of his official duties. K.S.A. 19-812 sets forth the duties of a sheriff and his deputy and reads as follows:

"The sheriff, in person or by his undersheriff or deputy, *shall serve and execute, according to law, all process, writs, precepts and orders issued or made by lawful authority and to him directed,* and shall attend upon the several courts of record held in his county, and shall receive such fees for his services as are allowed by law." (Emphasis added.)

K.S.A. 19-813 also provides that it shall be the duty of the sheriff and undersheriffs and his deputies to serve "process in civil or criminal cases."

We hold that a sheriff or deputy sheriff acting pursuant to a court order or serving process in a civil or criminal case is acting in the performance of his or her official duties. Defendant was correctly charged with obstructing Deputy Kearn in the performance of his official duties. The instruction given to the jury correctly stated the law insofar as obstruction of official duty is concerned.

The theory of defense in this case appeared to be that defendant could only be found guilty of the obstruction of legal process or official duties if he knew of the existence of the court order under which the deputy was acting. If he was unaware of that order,

he argues, he had the right to obstruct a uniformed and identified law enforcement officer in the apparent pursuit of his official duties. We reject defendant's contentions in this regard. Defendant's theory is not the law, and it would create chaos in our system of law enforcement if it were held to be the law. It is no defense to a charge of obstruction of official duties that a defendant is unaware of the precise order, process, or instruction under which the uniformed law enforcement officer is performing his duties. If a defendant knows or should have known that the individual being obstructed is a properly uniformed and identified law enforcement officer acting in the apparent pursuit of his official duties, then such obstruction is a crime under K.S.A. 21-3808. A defendant is not entitled to have his theory of defense submitted to a jury when that defense is not, in law or in fact, a defense to the charge on which a defendant is standing trial. In cases of aggravated assault and aggravated battery against a law enforcement officer, the State is only required to prove that the law enforcement officer was uniformed, properly identified, and in the performance of his official duties. See K.S.A. 21-3410, K.S.A. 21-3411, K.S.A. 21-3414, and K.S.A. 21-3415. We hold that such proof will also suffice in a case of obstructing official duty.

PIK Crim. 2d 60.09 (1986 Supp.) correctly states the law. It required the State to prove that Deputy Kearn was in the performance of his official duties and that defendant knew or should have known that he was a law enforcement officer. The law does not require that the State further prove that defendant was aware of the existence of the precise court order under which Deputy Kearn was acting in order to convict defendant of obstructing official duty.

Defendant has approached this issue as if PIK Crim. 2d 60.08 had the binding effect of law. Although we have great respect for the members of the PIK Committee and the work they do, their work does not have the effect of law. The proposed instructions are merely guides as to what the PIK Committee believes the law is, and they are not binding on this court.

In that regard, we offer the following concerning the two proposed instructions in question:

a. To the extent that PIK Crim. 2d 60.08 requires proof that a defendant know of the existence of the precise court order being executed by a uniformed and properly identified law enforcement officer before the defendant can be proven guilty of obstructing that officer in the performance of his official duties, it is wrong and should not be given.

b. In any event, PIK Crim. 2d 60.08 should not be given when the officer whose acts are being obstructed is a uniformed, properly identified law enforcement officer in the apparent performance of his official duties, even if those duties are those of serving process or executing an order of the court. Under such circumstances, PIK Crim. 2d 60.09 (1986 Supp.) should be given.

c. In the case of a full-time, uniformed, and properly identified law enforcement officer, any act obstructing such officer in the execution or service of legal process is also an act obstructing such officer in the performance of his or her official duties. Under these facts, PIK Crim. 2d 60.09 (1986 Supp.) should be given whether the charge is denominated as one of obstructing official duty or one of obstructing legal process.

d. It may be that an appropriate case will come along that will justify the use of PIK Crim. 2d 60.08. This is not that case, and we will not speculate on what facts might justify the giving of that instruction. We are convinced, however, that it should never be given when the officer obstructed is a uniformed and properly identified law enforcement officer.

The trial court did not err in the giving of PIK Crim. 2d 60.09 (1986 Supp.), and defendant's conviction is affirmed.

Affirmed.