(844 P.2d 741)

No. 67,100

STATE OF KANSAS, *Appellee*, v. RICHARD D. SULLIVAN, *Appellant*.

Opinion filed January 8, 1993.

*Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*W. Lee Fowler*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., RON ROGG, District Judge, assigned, and E. NEWTON VICKERS, District Judge Retired, assigned.

ROGG, J.: Defendant Richard Sullivan appeals his conviction of obstructing official duty, K.S.A. 21-3808.

After Sullivan was stopped for speeding, the trooper learned through a license check that Sullivan's driver's license had been suspended and that he was wanted for a felony parole violation. The trooper informed Sullivan he was being arrested on the basis of the suspended license and parole violation and Sullivan resisted. A jury found Sullivan guilty of obstructing official duty

(21-3808), of operating a motor vehicle while his license was suspended (K.S.A. 8-262), and of speeding (K.S.A. 8-1336). After accepting the verdicts, the trial court stated:

"This is not an—this did not involve obstruction of official duty in a misdemeanor case or in a civil case. It involved the obstruction of legal or official duty in a felony case, that being the warrant issued by the Department of Corrections being a warrant applying only to a felony case. So, for that reason the Court is going to make a decision that this case in conviction of this statute in this particular case constitutes a Class E felony."

The only issue presented is whether resisting execution of a parole violation warrant provides the basis for a conviction under 21-3808 and, if so, whether it is a felony or a misdemeanor.

The offense of obstructing legal process or official duty is defined and the classifications for the offense are established in 21-3808:

"Obstructing legal process or official duty is knowingly and willfully obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty.

"Obstructing legal process or official duty in a case of felony is a class E felony. Obstructing legal process or official duty in a case of misdemeanor or a civil case is a class A misdemeanor."

The question here is the meaning of "case" in the classification part of the statute. What, if anything, provides the underlying basis to classify violation of the statute in the execution of a felony parole violation warrant?

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. [Citations omitted.]" *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987).

When a penal statute is questioned, the court is required to strictly construe it in favor of the accused, but this rule is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and intent. See *State v. Carmichael*, 240 Kan. 149, 159, 727 P.2d 918 (1986).

A parole violation is a separate case. Violations of the terms of a conditional parole bring into being a new offense. See K.S.A. 1991 Supp. 75-5217; *Moorehead v. Hunter*, 198 F.2d 52, 54 (10th Cir. 1952). A violation of parole from a prior felony conviction will cause a defendant to be reincarcerated to serve the remaining sentence, but the prior felony conviction is not the reason for issuance of the warrant. The defendant has in some way violated the terms of the parole agreement. Therefore, the prior felony conviction does not provide the underlying basis for classification under 21-3808. Sullivan resisted when the trooper attempted to detain him for a parole violation. The parole violation and not the prior felony is the underlying case to be considered for classification of the penalty.

The next question is whether a parole violation is a felony, a misdemeanor, or a civil infraction for purposes of determining the proper penalty.

Violating the conditions of one's parole is not classified as a criminal offense under the Kansas Criminal Code. See K.S.A. 21-3101 *et seq*. Therefore, a parole violation is not a felony or a misdemeanor for purposes of 21-3808.

Sullivan argues 21-3808 does not apply to a parole violation hearing because it is an administrative hearing. A hearing on a parole violation is before the parole board under rules and regulations adopted by the board. See K.S.A. 1991 Supp. 75-5217; K.A.R. 45-9-2. However, classification of a parole revocation proceeding as an administrative action does not preclude application of 21-3808 to this case.

"Civil actions" include "[i]n general, all types of actions other than criminal proceedings." Black's Law Dictionary 245 (6th ed. 1990). Because a parole revocation proceeding is not a criminal proceeding, it is civil in nature. This result is further supported by legislative intent, as expressed in 21-3808, to impose a criminal penalty on anyone who knowingly or willfully obstructs, resists, or opposes any person in the discharge of an official duty. See *State v. Miller*, 15 Kan. App. 2d 566, 571, 811 P.2d 1256 (1991).

The distinction in classifying the offense only affects sentencing. The elements required to prove either a felony or a misdemeanor violation of obstructing official duty are the same. Therefore, since

sufficiency of the evidence was not raised, the case is remanded for resentencing as a misdemeanor.

Remanded.