No. 75,833

STATE OF KANSAS, *Appellant*, v. TYRONE L. HUDSON, *Appellee.*

931 P.2d 679

Opinion
filed January 24, 1997.

*James A. Brown*, assistant district attorney, argued the cause, and *Joan M. Hamilton*, district attorney, *Anthony W. Mattivi*, assistant district attorney, *Stacy R. Heinitz*, legal intern, and *Carla J. Stovall*, attorney general, were on the brief for appellant.

*Debra J. Wilson*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an appeal by the State upon a question reserved, pursuant to K.S.A. 22-3602(b)(3). Although stated in differing ways by the parties, the question before this court is whether the State may charge a defendant with felony, rather than misdemeanor, obstruction of official duty or legal process based on facts about the defendant's status which were unknown to the arresting officer at the time of the arrest.

The facts are not in dispute. Officer Biggs of the Topeka Police Department saw a vehicle run a stop sign. When the officer turned on his lights and siren, the driver of the vehicle which had run the stop sign attempted to drive away from him. Officer Biggs chased the vehicle at speeds up to 70 m.p.h. until the driver got out of the car and fled on foot. The vehicle came to rest approximately 35 feet further down the road. Officer Biggs broadcast a description of the driver. Within a short time, another officer took Tyrone Hudson into custody on the basis of Officer Biggs' broadcast. Officer Biggs identified Hudson as the man who had run from the

vehicle. Further investigation revealed that Hudson's driver's license had been suspended and that there were outstanding felony warrants against him. There was no liability insurance for the vehicle and the tag was illegal.

A seven-count complaint was filed against Hudson. The first count charged him with the felony offense of obstructing legal process or official duty in violation of K.S.A. 21-3808(a). In that regard, the complaint states:

"On or about the 31st of March, 1995, in the State of Kansas and County of Shawnee, TYRONE L. HUDSON, did, then and there, unlawfully, feloniously, and intentionally, obstruct, resist and/or oppose a person, to-wit: TPD Officer K. Biggs, who is authorized by law to serve legal process, while in the discharge of an official duty, to-wit: effecting a lawful arrest for an outstanding felony warrant, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of Kansas."

When Hudson appeared for the purpose of entering a no contest plea to Counts 1 and 2, the district court judge began the plea proceeding by announcing that he had ruled in another case with similar circumstances that obstructing legal process or official duty ought to be charged as a misdemeanor rather than a felony. The district court judge stated his intention to apply the ruling to reduce Count 1 against Hudson from a felony to a misdemeanor charge. It was made clear in the record of the plea proceeding that the State had reserved for appeal the question of whether obstruction was properly charged as a felony or a misdemeanor.

K.S.A. 21-3808 provides:

"(a) Obstructing legal process or official duty is knowingly and intentionally obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty.

"(b)(1) Obstructing legal process or official duty in the case of a felony, or resulting from parole or any authorized disposition for a felony, is a severity level 9, nonperson felony.

(2) Obstructing legal process or official duty in a case of misdemeanor, or resulting from any authorized disposition for a misdemeanor, or a civil case is a class A nonperson misdemeanor."

The district court's ruling in *State v. Kenneth Allen, Jr.*, case No. 95-CR-3742, was applied in the present case in reducing the felony

obstruction charge to a misdemeanor. The memorandum decision and order have been made a part of the record on appeal in this case. The rationale of that decision was that the classification of the offense depends on what the officer believed his duty to be as he discharged it. In the words of the district court: "[I]f an officer is not aware of an outstanding felony warrant, he is not discharging any duty as to that felony case until he is aware of it. The defendant cannot obstruct a duty that the officer is not performing." Thus, under this rationale, if the officer thought he was stopping defendant on a misdemeanor traffic offense when the defendant refused to stop, the offense of obstructing legal process or official duty occurred "in a case of misdemeanor."

*State v. Sullivan*, 17 Kan. App. 2d 771, 772, 844 P.2d 741 (1993), which the State cites with respect to the meaning of the term "case" in the statute, is an example of a case in which the defendant's conduct did not amount to obstruction until after the officer determined that there was an outstanding warrant for defendant's arrest. Sullivan initially was stopped for a traffic offense. Through a license check, the officer discovered that Sullivan's driver's license was suspended and that he was wanted for a parole violation. Based on the information the officer gained from the license check, he attempted to arrest Sullivan, and Sullivan resisted. Because the officer was aware of the outstanding warrant when he approached Sullivan the second time, the officer believed he was arresting Sullivan under the warrant rather than on the traffic violation. The question for the Court of Appeals was whether the classification of the obstruction charge should be based on the warrant offense, parole violation, or the prior felony conviction. The Court of Appeals concluded that the parole violation was the proper basis. 17 Kan. App. 2d at 773.

The State phrased the issue in the present case as follows: "Whether the classification of an obstruction charge as a felony or misdemeanor is to be determined by what the Defendant/Appellee knew at the time of arrest, by what the officer knew at the time of arrest, or by a retrospective determination of the actual status of the Defendant at the time of arrest." The State advocates that the classification should be based on the actual status of the defendant

at the time of arrest. Because Hudson had felony charges outstanding against him at the time of his arrest, the State contends that the felony obstruction charge was proper. We do not agree.

The State relies on *State v. Dalton*, 21 Kan. App. 2d 50, 895 P.2d 204 (1995), as authority for its position. *Dalton* is distinguishable from the present case. By the State's own account of the facts in *Dalton*, the defendant ran from officers who approached him "to execute [a] felony warrant." The *Dalton* facts contrast with those of the present case and serve to illustrate the rationale of the district court. In *Dalton*, the defendant ran when approached by officers whose intention was to execute a felony warrant. Hudson ran when approached by an officer whose intention was to issue a traffic citation. Pursuant to the district court's reasoning, Dalton could be charged with felony obstruction, but Hudson could not. We agree.

The State also argues that an officer who makes a traffic stop is under a duty to identify the person and ascertain the person's status, including whether there are any outstanding warrants for his or her arrest. It follows, the State argues, that if it turns out there is a warrant and if the person's fleeing or other conduct has hindered the officer in determining that there is a warrant, classification of an obstruction charge would be based on classification of the warrant offense(s). The State cites no authority. Hudson brings *State v. Lyne*, 17 Kan. App. 2d 761, 844 P.2d 734 (1992), to the court's attention as a case which illustrates that the duty being performed by the officer at the time of the obstruction is the determining factor for classification. In that case, the Court of Appeals expressly rejected as a determinant what the defendant knew:

"In proving a charge of obstruction of official duty in the case of a law enforcement officer in the process of executing an order of a court, it is not required that the State prove the defendant knew of the existence of the court order or the underlying court proceedings when the violation of K.S.A. 21-3808 occurred." 17 Kan. App. 2d 761, Syl. ¶ 3.

We conclude that "official duty" under K.S.A. 21-3808 is to be defined in terms of the officer's authority, knowledge, and intent. The touchstone for the classification of the offense is the reason for the officer's approaching the defendant who then flees or oth-

erwise resists, and not the status of the defendant. Thus, the trial court correctly held that the classification under K.S.A. 21-3808 depends on what the officer believed his duty to be as he discharged it. Here, since the officer attempted to stop the defendant for a traffic violation, the obstruction of official duty was a misdemeanor. The trial court properly reduced Count 1 to a misdemeanor.

Appeal denied.

DAVIS, J., dissenting: I respectfully dissent from the conclusion in the majority opinion that " 'official duty' under K.S.A. 21-3808 is to be defined in terms of the officer's authority, knowledge, and intent." The express terms of the statute do not call for such a result and there are good reasons supporting a conclusion that it is the status of the accused at the time of obstruction that determines the severity of the offense.

K.S.A. 21-3808 provides:

"(a) Obstructing legal process or official duty is *knowingly and intentionally* obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty.

"(b)(1) *Obstructing legal process or official duty in the case of a felony,* or resulting from parole or any authorized disposition for a felony, is a severity level 9, nonperson felony.

(2) *Obstructing legal process or official duty in a case of misdemeanor,* or resulting from any authorized disposition for a misdemeanor, or a civil case is a class A nonperson misdemeanor." (Emphasis added.)

Subsection (a) of the statute emphasizes the knowing and intentional activity of the accused. Subsections (b)(1), felony obstruction, and (b)(2), misdemeanor obstruction, relate to the status of the accused at the time the offense is committed. Thus, I would conclude that the status of the accused, not the knowledge and intent of the officer, is the determining factor.

While knowledge of the charge or outstanding warrant on the part of the accused is not an element of the charge of obstruction, it would seem to me that an accused, most of the time, is aware of his or her reasons for obstruction. Thus, the status of the accused may have an effect on the actions taken to avoid arrest. In other

words, an accused who attempts to evade a felony charge may behave in a way that is more dangerous to the public and the officer than an accused who is evading a misdemeanor charge. The determination of the offense based upon the status of the accused at the time the officer is exercising his or her official duty provides more protection to the officer executing his or her official duty. I would reverse the district court based upon my belief that the classification of crime under K.S.A. 21-3808(b) should be based on the actual status of the accused at the time he or she obstructs legal process.