NOT DESIGNATED FOR PUBLICATION

No. 127,303

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

ERIC JEROME BROWN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Oral argument held January 6, 2026. Opinion filed February 27, 2026. Affirmed.

*Andrew J. McGowan*, of Kansas Appellate Defender's Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HURST and BOLTON FLEMING, JJ.

PER CURIAM: Eric Jerome Brown was convicted of interference with law enforcement pursuant to K.S.A. 21-5904(a)(3). Brown's charge stemmed from his actions during the execution of a felony probation violation warrant. His conviction was classified as a felony because the interference occurred "in the case of a felony, or resulting from parole or any authorized disposition for a felony . . . ." K.S.A. 2022 Supp. 21-5904(b)(5)(A). At sentencing, his criminal history score included two prior felony convictions that were also the underlying convictions related to the probation violation warrant.

1

On appeal, Brown argues that the district court erred in counting Brown's prior felony convictions in his criminal history score, resulting in an illegal sentence. But under K.S.A. 21-6810(d)(10), we find that Brown's two prior convictions did not "enhance the severity level" or "elevate the classification from misdemeanor to felony," nor are the prior convictions "elements of the present crime of conviction."

Brown also argues on appeal that under the interference statute, K.S.A. 2022 Supp. 21-5904(a)(3), the State was required to prove Brown knew that an officer was attempting to execute a warrant. We find that under *State v. Murrin*, 309 Kan. 385, 398-99, 435 P.3d 1126 (2019), the State was not required to prove the defendant understood the officer's specific duty or underlying legal process being executed. But even if we were to assume such a requirement, considering the evidence in a light most favorable to the State, a rational factfinder could conclude that Brown knew he had a warrant at the time he committed the crime. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Eric Jerome Brown appeals his conviction for interference with law enforcement pursuant to K.S.A. 2022 Supp. 21-5904(a)(3). His case began when Officer Paul Lednicky recognized Brown on the street and believed Brown had a felony warrant. By the time Officer Lednicky confirmed the existence of the warrant, Brown was gone.

Officer Lednicky knew that Brown frequented a nearby homeless shelter and went there to look for him. Officer Lednicky rang the doorbell, looked in, and saw Brown inside. Officer Lednicky knocked on a window in the door and stated, "Eric—you have a warrant," while waving at Brown with his finger. But instead of coming out, Brown retreated further into the building. As Officer Lednicky checked additional building entrances, a backup officer stated that he saw Brown run out the front door. After circling the building looking for Brown, Officer Lednicky saw Brown running down an alley.

Brown was about 50 yards from Officer Lednicky when he yelled, "Eric, stop. You have a felony warrant." But Brown continued to run, crossing a busy street.

Officer Lednicky returned to his patrol car and pursued Brown. The officer located Brown in an alley and executed the felony warrant. When the officer was placing Brown into custody, Brown cursed at the officer, called him names, and stated, "I know I got a felony warrant."

As a result of this encounter, Brown was convicted by a jury of interference with law enforcement under K.S.A. 2022 Supp. 21-5904(a)(3). The offense was classified as a severity level 9 nonperson felony because it occurred "in the case of a felony, or resulting from parole or any authorized disposition for a felony . . . ." K.S.A. 2022 Supp. 21-5904(b)(5)(A). The felony classification was made because Brown's interference occurred during the execution of a felony probation violation warrant arising from two of Brown's earlier convictions—felony convictions for Aggravated Domestic Battery and Aggravated Battery in Leavenworth County Case No. 2021-CR-602.

At sentencing, the district court determined Brown's criminal history score was "A." The two felony convictions from Leavenworth County Case No. 2021-CR-602 were used in the calculation of Brown's criminal history. The district court imposed a 16-month sentence. Brown timely appeals.

ANALYSIS

DID THE DISTRICT COURT ERR IN COUNTING BROWN'S PRIOR PERSON FELONY CONVICTIONS IN HIS CRIMINAL HISTORY SCORE?

Brown first argues that the district court miscalculated his criminal history score, and that error resulted in an illegal sentence. He argues that two prior person felonies in Leavenworth County Case No. 2021-CR-602 should not have been included in his

criminal history because they were used to enhance and elevate his interference with law enforcement offense from a misdemeanor to a felony. He also argues that the prior felonies were erroneously included in his criminal history score because they were elements of the crime of conviction.

*Standard of Review*

An illegal sentence is defined as: (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. K.S.A. 22-3504(c)(1).

Whether a sentence is illegal is a question of law subject to de novo review. *State v. Johnson*, 317 Kan. 458, 461, 531 P.3d 1208 (2023). Likewise, statutory interpretation is subject to unlimited review. *State v. Clark*, 313 Kan. 556, 572, 486 P.3d 591 (2021).

*Discussion*

Under the Kansas Sentencing Guidelines Act (KSGA), "[p]rior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction." K.S.A. 21-6810(d)(10).

Brown first argues that K.S.A. 21-6810(d)(10) prohibited the district court from using his two prior felony convictions to determine his criminal history score because those two convictions were already used to enhance and elevate his classification from a misdemeanor to a felony. Brown cites no caselaw that supports his contention.

Brown's conviction for interference with law enforcement occurred under K.S.A. 2022 Supp. 21-5904(a)(3):

> "(a) Interference with law enforcement is:
> . . . .
> (3) knowingly obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty."

These elements are not challenged on appeal. But K.S.A. 2022 Supp. 21-5904 also provides that a conviction for interference with law enforcement under this subsection is a felony if committed "in the case of a felony, or resulting from parole or any authorized disposition for a felony," and is a misdemeanor if committed "in the case of a misdemeanor, or resulting from any authorized disposition for a misdemeanor, or a civil case." K.S.A. 2022 Supp. 21-5904(b)(5)(A), (b)(5)(B). It is these *classification* provisions that form the basis of Brown's appeal.

The Kansas Supreme Court recently discussed the classification of felony and misdemeanor interference charges under a prior version of the statute, K.S.A. 2015 Supp. 21-5904. *In re Wrongful Conviction of Sims*, 318 Kan. 153, 157, 542 P.3d 1 (2024).

In *In re Wrongful Conviction of Sims*, the claimant brought a wrongful conviction lawsuit related to his felony interference with law enforcement conviction that had been reversed on direct appeal. 318 Kan. at 153. In the underlying case, a jury convicted Michael Sims of felony interference, but on appeal the parties agreed the evidence was insufficient to support a felony conviction and that a misdemeanor interference conviction was instead appropriate. The panel remanded and the district court resentenced Sims based on a misdemeanor conviction. 318 Kan. at 154.

Sims then filed a wrongful conviction lawsuit "alleging he spent nearly a year in prison because of an invalid felony conviction." 318 Kan. at 154. The State filed a motion for judgment on the pleadings arguing "Sims could not prove his interference charge was dismissed or that he was found not guilty on retrial," necessary elements of his claim. 318 Kan. at 154. The district court considered the State's motion as one for summary judgment and then entered summary judgment and dismissed the case. 318 Kan. at 154-55.

Sims appealed directly to our Kansas Supreme Court. The court considered the facts of the underlying case in affirming the district court. The court first considered "whether the Court of Appeals had the authority to reverse and vacate Sims' felony interference conviction and remand for sentencing on the misdemeanor." 318 Kan. at 156. In doing do, the court analyzed the classification of interference convictions under the interference statute.

We pause to note that Sims was charged with felony interference with law enforcement based on an incident that occurred in 2016. 318 Kan. at 153. At the time the offense was committed, an earlier version of the interference statute was in effect. See K.S.A. 2015 Supp. 21-5904. But the classification language in K.S.A. 2022 Supp. 21-5904(b)(5) is identical to its 2015 predecessor.

In discussing the classification of felony and misdemeanor interference charges, the *In re Wrongful Conviction of Sims* court noted:

"As shown, both felony and misdemeanor obstruction share the same criminal elements outlined in subsection (a)(3), but their classification diverges depending on the case's circumstances, as described in subsection (b).

"*State v. Hudson*, 261 Kan. 535, 931 P.2d 679 (1997), is instructive. There, the defendant faced a felony charge of obstructing official duty, which the district court later reduced to a misdemeanor. The *Hudson* court upheld the reduction, reasoning the

6

classification depends on what the officer believed their duty to be during the incident, not the defendant's actual status. It noted the record showed the officer was performing duties related to a misdemeanor by trying to stop the defendant for a traffic violation, even though he later learned the defendant had outstanding felony warrants. See 261 Kan. at 538-39, 931 P.2d 679 ('We conclude that "official duty" under K.S.A. 21-3808 [currently K.S.A. 2022 Supp. 21-5904] is to be defined in terms of the officer's authority, knowledge, and intent.')." *In re Wrongful Conviction of Sims*, 318 Kan. at 157.

*In re Wrongful Conviction of Sims* instructs us that it is not the actual status of the underlying crime that controls the classification, but instead, "what the officer believed their duty to be during the incident . . . ." 318 Kan. at 157.

In *State v. Hudson*, 261 Kan. 535, 931 P.2d 679 (1997), a case cited by the *Sims* court, an officer stopped Hudson for a misdemeanor traffic violation but later learned Hudson had active felony warrants. While Hudson was originally charged with felony interference related to his actions, the district court reduced Hudson's interference charge from a felony to a misdemeanor. The Kansas Supreme Court affirmed, finding an "officer's authority, knowledge, and intent" are to be considered in classifying the offense. 261 Kan. at 538. Since the officer believed he was conducting a misdemeanor traffic stop, that was the proper classification of the interference charge—even though Hudson had active felony warrants. 261 Kan. at 538-39.

This principle has been adopted by panels of our court. "The classification of a charge of interference with a law enforcement officer as a felony or a misdemeanor depends on the officer's authority, knowledge, and intent." *State v. Deere*, No. 123,259, 2022 WL 1436382, at *8 (Kan. App. 2022) (unpublished opinion); see also *State v. Washington*, No. 127,362, 2025 WL 2375245, at *3 (Kan. App. 2025) (unpublished opinion) ("The determination of whether an action constitutes interference or obstruction hinges not on the eventual legal status of the defendant but rather upon the officer's rationale for initiating contact with the individual in question.").

7

The evidence in the present case is that Officer Lednicky believed he was executing a felony warrant. This is demonstrated by Officer Lednicky's testimony that he confirmed the existence of a felony warrant and told Brown twice that he had a felony warrant. The fact that the warrant *was* actually a felony warrant is irrelevant—the relevant inquiry is what Officer Lednicky believed he was doing. See *Hudson*, 261 Kan. at 538-39. The mere existence of Brown's felony warrant—not his prior convictions—justified the classification of Brown's crime as a felony. Thus, Brown's prior convictions were not used to improperly elevate or enhance the severity level of his present crime of conviction under K.S.A. 21-6810(d)(10).

Brown raises an additional argument under K.S.A. 21-6810(d)(10). He states that the district court erred in including his two prior felony convictions in his criminal history because those convictions are "elements of the present crime of conviction." K.S.A. 21-6810(d)(10). He states that under *Apprendi*, any fact "that increases the maximum penalty for a crime" is an element of the offense. *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). But again, Brown has failed to cite any legal authority in support of his argument that "the fact of the felony convictions was also an element in this prosecution of this case."

Instead, Brown focuses on the fact that jury instruction No. 9 required the State to prove that Officer Lednicky was serving a felony warrant, though the parties were never informed of Brown's prior convictions. Brown also points out that the parties stipulated in jury instruction No. 10 "[t]hat State's Exhibit 2 is a felony arrest warrant." State's Exhibit 2 was the felony warrant from Leavenworth County Case No. 2021-CR-602, but the actual convictions were redacted. Brown claims that because the jury had to find Officer Lednicky was serving a felony warrant, and the parties stipulated it was the felony warrant from Brown's prior case, that made Brown's prior convictions an element of the crime.

8

Brown's argument is misplaced. To prove interference with a law enforcement officer as a felony, the State merely had to prove the obstruction occurred "in the case of a felony, or resulting from parole or any authorized disposition for a felony." K.S.A. 2022 Supp. 21-5904(b)(5)(A). The *existence* of the felony warrant is what triggered the classification of Brown's crime as a felony—not the actual convictions. The convictions were not an element of the crime and were not used to classify Brown's conviction as a felony.

Because Brown's prior convictions were not used to enhance or elevate the classification of his present crime of conviction and did not serve as an element of that crime, the district court did not err in including the prior convictions in the calculation of Brown's criminal history.

WAS THE STATE REQUIRED TO PROVE THAT BROWN KNEW OFFICER LEDNICKY WAS ATTEMPTING TO EXECUTE A WARRANT?

Brown also argues that K.S.A. 2022 Supp. 21-5904(a)(3) requires the State to prove that he knew he had a warrant for his arrest before he could be found guilty of obstruction. Brown argues the State failed to present sufficient evidence of his knowledge, and his conviction must be reversed.

*Standard of Review*

Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Additionally, "When a defendant challenges the sufficiency of the evidence, we review the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. We do not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses." *State v. Mendez*, 319 Kan. 718, 723, 559 P.3d 792 (2024).

9

*Discussion*

The State charged Brown with interference with law enforcement under K.S.A. 2022 Supp. 21-5904(a)(3). Under this statute, the State is required to prove that the defendant "knowingly obstruct[ed], resist[ed] or oppos[ed] any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty." Nothing in the plain language of the statute requires the State to prove that Brown knew Officer Lednicky was executing a warrant. And Brown acknowledges that Kansas caselaw contradicts his claim.

In *State v. Murrin*, the Kansas Supreme Court held that the word "knowingly" in K.S.A. 21-5904(a)(3) modifies only the defendant's obstructive conduct, or actus reus, and does not require proof that the defendant understood the officer's specific duty or the underlying legal process being executed. 309 Kan. at 398. The court's interpretation in *Murrin* is consistent with a long line of decisions from Kansas appellate courts. See *State v. Lyne*, 17 Kan. App. 2d 761, 766, 844 P.2d 734 (1992) (State is not required to prove that the defendant was aware of the existence of the precise court order under which law enforcement was acting); see also *Hudson*, 261 Kan. at 538 (State does not need to prove that the defendant knew what specific duty was being performed).

Brown's reliance on the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019) is misplaced. *Rehaif* does not alter our analysis of the crime of interference with law enforcement under Kansas law. *Rehaif* involved the crime of possessing a firearm and ammunition while being unlawfully in the United States under 18 U.S.C. § 922(g). In analyzing the elements of that crime, the United States Supreme Court held that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 225. In

10

determining whether the defendant possessed the required knowledge, the court first found that "[w]hether a criminal statute requires the Government to prove that the defendant acted knowingly is a question of congressional intent." 588 U.S. at 225. The court then noted that the text of the federal statute required knowledge by the defendant, and "[t]he term 'knowingly' is normally read 'as applying to all the subsequently listed elements of the crime.' *Flores-Figueroa v. United States*, 556 U.S. 646, 650, 129 S. Ct. 1886, 173 L. Ed. 2d 853." *Rehaif,* 588 U.S. at 225. Finally, the court held that "[s]cienter requirements advance this principle by helping to separate wrongful from innocent acts." 588 U.S. at 226.

Brown asserts that the Supremacy Clause requires this court to apply the reasoning established in that case and to extend scienter to every element of an offense, including circumstances where the officer is serving a warrant. The Supremacy Clause renders state statutes and common law ineffective to the extent they materially conflict with or impede federal law. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992).

Here, Brown does not show how Kansas statutes and caselaw conflict with federal law. Brown simply states, "The *Rehaif* analysis of how elements of crimes must include scienter should be binding on this Court through the supremacy clause of the United States Constitution. U.S. Const. art. VI, § 2. The *Rehaif* analysis is based on federal common law. *Rehaif,* 588 U.S. at 229. Federal common law has its ultimate justification in the Constitution." But Brown cites no precedent that requires us to apply the principles in *Rehaif.* The statute at issue in *Rehaif,* 18 U.S.C. § 922(g), concerned possessing a firearm and ammunition while being in the United States illegally. The statute at issue here, K.S.A. 21-5904(a)(3), does not contain any similar language and applies to a completely different crime under Kansas state law. And the Court's holding in *Rehaif* was not absolute on the application of the term "knowingly." The Court acknowledged that knowingly is "normally" interpreted as applying to all the subsequent elements of the

crime—but not always. *Rehaif*, 588 U.S. at 225. There is no conflict between state and federal law on the application of the term "knowingly" as it pertains to K.S.A. 21-5904(a)(3); thus, the Supremacy Clause does not require us to apply *Rehaif* in our analysis.

Under *Murrin*, the State was not required to prove that Brown knew he had a felony warrant for his arrest. 309 Kan. at 398. The Kansas Court of Appeals is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

Even if we assume Brown's knowledge of the warrant was required, sufficient evidence supports the verdict. Officer Lednicky testified that when he encountered Brown inside the building, he gestured to him through a glass window and told him he had a warrant. When Brown exited the front of the building moments later, Officer Lednicky again informed Brown of the warrant and ordered him to stop. Instead of complying, Brown fled. When Brown was arrested, he admitted he knew he had a felony warrant by stating, "I know I got a felony warrant." Considering the evidence in a light most favorable to the State, a rational factfinder could have found Brown knew of his felony warrant. See *Mendez*, 319 Kan. at 723.

Affirmed.